FILED
SUPERIOR COURT
OF GUAM

2023 JUL 13 PM 4:07

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0294-21** |
| | GPD Report Nos. 21-14416 / 21-14418 |
| Plaintiff, | **Criminal Case No. CF0168-22** |
| | GPD Report Nos. 21-19995 / 21-24170 / 22-07597 |
| v. | |
| | |
| **BOB JESSY QUINATA** | **DECISION AND ORDER** |
| (*aka* **BOB JESSY TOPASNA QUINATA**) | **GRANTING REVOCATION OF** |
| (*aka* **BOB JESSY T. QUINATA**), | **PROBATION** |
| DOB: 05/21/1996 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 4, 2023 for a Revocation Hearing in the above-captioned case related to Bob Jessy Quinata's (*aka* Bob Jessy Topasna Quinata's) (*aka* Bob Jessy T. Quinata's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Peter Santos. The People of Guam were represented by Assistant Attorney General Christine Tenorio. Having duly considered the Parties' briefs, arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On June 3, 2022, Defendant pled guilty to two counts of Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony), and two counts of Family Violence (as a

Misdemeanor). See Judgment of Conviction (Jun. 22, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office *three (3) times per week* in person, or as ordered by the Court or the Probation Office.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

Defendant almost immediately began violating conditions of his probation. On June 10, 2022, just one week after pleading guilty, Defendant failed to submit to a random drug test within the allocated time. See 1st Violation Report (Jun. 21, 2022). Defendant provided a urine sample for drug testing a few days later, and tested positive for both methamphetamine and marijuana. Id. Defendant subsequently admitted to using both drugs on June 10, 2022. Id.

In the following weeks, Defendant also failed to report to the Adult Probation Office as ordered. See 2nd Violation Report (Jun. 29, 2022). Defendant missed scheduled drug tests as a result of his failure to report to the Adult Probation Office. Id.

Defendant again tested positive for illegal drugs (specifically methamphetamine) on June 17, 2022. See 3rd Violation Report (Jul. 12, 2022). This second positive test came just two weeks after Defendant's guilty plea, and one week after his first positive test.

In September, 2022, Defendant found himself facing new criminal charges as he was indicted on three counts of Second Degree Robbery (as a 2nd Degree Felony), and two counts of Theft of Property (as a Misdemeanor). See CF0588-22 Indictment (Sep. 29, 2022). These are

very serious criminal charges, and allege that Defendant used multiple deadly weapons while committing a crime spree of robberies among several victims. Id.

On March 22, 2023, the People filed their request to revoke Defendant's probation and impose sentence. See Motion for Revocation and Imposition of Sentence (Mar. 22, 2023). Defendant filed an opposition stating that he will comply by his probationary terms in the future and that revocation is not appropriate given the circumstances. See Opposition to People's Motion for Revocation of Probation (Apr. 12, 2023).

The Court held a Revocation Hearing on May 4, 2023. The Court then took the matter under advisement. See Minute Entry (May. 4, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary

to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to submit to random drug tests, failing to refrain from using illegal drugs and marijuana, and failing to comply with all laws of Guam.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated several Violation Reports, showing a continuous and ongoing disregard towards following his probationary terms. These violations started almost immediately after Defendant's plea deal, as Defendant accumulated two positive drug tests in just two weeks after pleading guilty. The violations did not stop there, and Defendant now finds himself facing new felony charges in

CF0588-22 stemming from a crime spree he allegedly committed across August and September of 2022.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Bob Jessy Quinata's (*aka* Bob Jessy Topasna Quinata's) (*aka* Bob Jessy T. Quinata's) probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

**IT IS SO ORDERED** on this ___July 12, 2023___



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**